UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELIZABETH SMITH, | ) |
| | ) |
| Plaintiff | ) |
| | )    2:18-cv-00202-GZS |
| v. | ) |
| | ) |
| MAINE COURT SYSTEM, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION
TO DISMISS PLAINTIFF'S COMPLAINT**

On April 30, 2018, Plaintiff filed the complaint in this matter (Complaint, ECF No. 1.) On May 18, 2018, Plaintiff moved for leave to proceed in forma pauperis. (Motion, ECF No. 3.) Because Plaintiff did not file a properly completed application to proceed in forma pauperis, the Court denied without prejudice Plaintiff's motion. (Order, ECF No. 4.)

In the order denying Plaintiff's motion, the Court directed the Clerk to provide Plaintiff with a form application to proceed in forma pauperis, and ordered Plaintiff to file an application or pay the filing fee by June 18, 2018. (*Id*.) The Court cautioned Plaintiff that if she failed to pay the filing fee or file a completed application on or before June 18, the Court could dismiss the matter. (*Id*.) The court docket reflects that the Court's order, which was mailed to Plaintiff at the address listed for Plaintiff on the court's docket, was returned "not deliverable as addressed unable to forward." (ECF No. 5.) Plaintiff has not paid the filing fee or filed a completed application to proceed in forma pauperis. A review

of the court docket reveals that Plaintiff has not communicated with court after the date on which she filed the motion to proceed in forma pauperis.

I recommend the Court dismiss without prejudice Plaintiff's complaint based on Plaintiff's failure to prosecute the matter.

## DISCUSSION

"In order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). "A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R.*, 108 F. App'x 638, 640 (1st Cir. 2004). In addition, parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.");

By failing to pay the filing fee or to file a completed application to proceed in forma pauperis, and by failing to maintain a current address with the court or otherwise remain in communication with the court, Plaintiff has failed to prosecute her claim.

When considering an appropriate sanction for failure to prosecute, a court "should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Young*, 330 F.3d at 81. Given Plaintiff's failure to communicate with the Court, a sanction other than dismissal, such as a monetary fine, indefinite stay, or preclusion of particular claims or evidence, would not serve the Court's interest in the orderly progression of the case on the docket.

An order of dismissal for failure to prosecute can be entered with prejudice or without prejudice. The sanction of dismissal with prejudice – *i.e.*, a sanction that would resolve the merits of the case in Defendant's favor – is reserved for the most extreme misconduct. *Id.* In this case, Plaintiff's failure to pay the filing fee or to pay the appropriate in forma pauperis motion, and Plaintiff's failure otherwise to communicate with the court could be the product of a lack of knowledge of the process, rather than an intentional disregard for the process. Under the circumstances, therefore, Plaintiff's conduct cannot fairly be characterized as extreme. Accordingly, dismissal without prejudice is appropriate.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice based on Plaintiff's failure to prosecute the matter.

Plaintiff also filed a pleading that was docketed as a motion for clarification. (ECF No. 2.) In the motion, Plaintiff evidently asks the Court "to rule" whether the case is within this Court's jurisdiction. If the Court adopts the recommendation and dismisses the matter,

3

Plaintiff's motion for clarification would be moot. I recommend, therefore, that if the Court adopts the recommendation and dismisses the matter, the Court dismiss as moot Plaintiff's motion for clarification.

**NOTICE**

 A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

 Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

        /s/ John C. Nivison
        U.S. Magistrate Judge

Dated this 2nd day of July, 2018.